■ ROGER Q. MANNING, Respondent, v. WALTER C. LUNDGREN, Respondent, and FIRST WESTCHESTER NATIONAL BANK, as Administrator with Will Annexed of the Estate of ROSITA JONES, Deceased, Appellant.— In an action by one joint venturer against the other, defendant Lundgren, upon an agreement for the purchase, development and resale of certain real property and an equal division of the profits, and against defendant bank as administrator of the estate-owner of such real property, to impress a trust upon the property to compel defendant Lundgren to specifically perform the joint venture agreement, to direct the bank to convey the property to both joint venturers, to obtain a money judgment against defendant Lundgren, and for other relief, in which plaintiff has filed a *lis pendens* against the property, the bank appeals from so much of an order of the Supreme Court, Westchester County, dated March 25, 1960, as denies its motion: (a) to cancel the *lis pendens* on the ground that the action is not one in which a *lis pendens* may be filed under section 120 of the Civil Practice Act; and (b) to dismiss the complaint as to the bank, pursuant to rule 106 of the Rules of Civil Practice, on the ground that the complaint fails to state a cause of action against the bank as administrator. It is alleged that, pursuant to the joint venture agreement, defendant Lundgren, without plaintiff's knowledge, entered into a contract with the bank as administrator for the purchase of said property; and that thereafter said defendant announced his repudiation of the joint venture and his intention to exclude plaintiff from all interest in the future development and resale of the property and in the future profits arising therefrom. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Beldock, Ughetta and Christ, JJ., concur; Nolan, P. J., and Brennan, J., concur in the affirmance of the order insofar as it presently denies the bank's motion to cancel the *lis pendens*, but dissent from the affirmance of the order insofar as it denies the bank's motion to dismiss the complaint as to it pursuant to rule 106 of the Rules of Civil Practice, and vote: (1) to grant the bank's motion to dismiss the complaint as to it on the ground that, as to it, the complaint fails to state a cause of action; and (2) to grant the bank leave, pursuant to section 123 of the Civil Practice Act, to renew its motion to cancel the *lis pendens* after the entry of final judgment based upon the dismissal of the complaint and after the time to appeal from such judgment has expired. In our opinion the complaint deals only with a personal controversy between plaintiff and defendant Lundgren and alleges a cause of action against said defendant only upon a joint venture agreement for the development and resale of the property after said defendant shall have acquired it from the bank in his own name and paid the full purchase price. The bank, acting

as administrator of the estate-owner, had no knowledge of the joint venture agreement and is in no way involved in it or concerned with it. No breach in the performance of any agreement and no default in the discharge of any duty is alleged with respect to the bank. Consequently, the plaintiff is not entitled to any relief from the bank; the complaint states no cause of action against it; and the complaint should be dismissed as to it. The bank's notice to cancel the *lis pendens,* made before the entry of judgment against defendant, Lundgren was properly denied (Civ. Prac. Act, § 123).